NOT DESIGNATED FOR PUBLICATION

STATE OF LOUISIANA
COURT OF APPEAL, THIRD CIRCUIT

14-741
14-742
14-743

STATE OF LOUISIANA

VERSUS

LEE JOHN PONTHIEUX, JR.

**********

APPEAL FROM THE
SEVENTH JUDICIAL DISTRICT COURT
PARISH OF CATAHOULA, NO. 12-2401, 12-2402, 12-2403
HONORABLE GLEN W. STRONG, DISTRICT JUDGE

**********

ELIZABETH A. PICKETT
JUDGE

**********

Court composed of Marc T. Amy, Elizabeth A. Pickett, and Billy Howard Ezell, Judges.

AFFIRMED.

Edward Kelly Bauman
Louisiana Appellate Project
P. O. Box 1641
Lake Charles, LA 70602-1641
(337) 491-0570
COUNSEL FOR DEFENDANT- APPELLANT:
        Lee John Ponthieux, Jr.

**Bradley R. Burget**
**District Attorney, Seventh Judicial District**
**Myisha R. Davis**
**Assistant District Attorney**
**4001 Carter St., Suite 9**
**Vidalia, LA 71373**
**(318) 336-5526**
**COUNSEL FOR APPELLEE:**
     **State of Louisiana**

**PICKETT, Judge.**

## FACTS

On August 20, 2012, the defendant committed the first degree murders of Annie Bell Adams, John D. Ellard, Jr., and Edris Adams Ellard.

On October 15, 2012, the Catahoula Parish grand jury indicted the defendant, Lee John Ponthieux, Jr., for the first degree murders of Annie Bell Adams, John D. Ellard, Jr.. and Ednis Adams Ellard, violations of La.R.S. 14:30. The jury found the defendant guilty on December 19, 2013. The trial court sentenced the defendant to life imprisonment at hard labor without benefit of parole, probation, or suspension of benefits on February 4, 2014. The trial court ordered the sentences to run consecutively.

The defendant appeals the consecutive nature of the three life sentences and also alleges the trial court erred by not observing a twenty-four-hour waiting period between the denial of his motion for judgment of acquittal/new trial and sentencing.

## ASSIGNMENTS OF ERROR

1. The three consecutive life sentences imposed by the trial court were unconstitutionally excessive.

2. The trial court erred when it sentenced appellant less than 24-hours from when it overruled appellant's post judgment of acquittal and motion for new trial in violation of La.Crim. Code Art. 873 [sic].

## ERRORS PATENT

In accordance with La.Code Crim.P. art. 920, all appeals are reviewed for errors patent on the face of the record. After reviewing the record, we find there is a possible error patent which the defendant raised as assignment of error number two.

## ASSIGNMENT OF ERROR NUMBER ONE

The defendant argues the consecutive nature of the three life sentences imposed by the trial court was unconstitutionally excessive. When a defendant is convicted of multiple offenses "based on the same act or transaction, or constituting parts of a common scheme or plan, the terms of imprisonment shall be served concurrently unless the court expressly directs that some or all be served consecutively." La.Code Crim.P. art. 883.

In *State v. Wood*, 08-1511 (La.App. 3 Cir. 6/3/09), 11 So.3d 701, the defendant was convicted of three counts of second degree murder and sentenced to three consecutive life sentences. On appeal, he claimed the mandatory sentences and the consecutive nature of those sentences represented needless pain and suffering, and the trial court cited no reason or basis for imposing the sentences consecutively.

The defendant filed no motion to reconsider his sentence. This court noted the failure to file such a motion could prevent the defendant from raising an excessive sentence claim but nevertheless reviewed the claim for constitutional excessiveness. This court could not say the sentences were grossly disproportionate to the offenses "[g]iven the senselessness of the three murders" and also found the trial court did not improperly impose consecutive sentences. *Id.* at 713.

Further, this court noted each life sentence was without benefit of probation, parole, or suspension of sentence. Thus, "even if the trial court did err in imposing consecutive sentences . . . the error would be harmless." *Id.* at 715. This court also did not consider the defendant's argument that the trial court failed to explain why it ordered consecutive sentences because any such error would be harmless.

2

This court should consider "the offender's past criminality, violence in the charged crimes, or the risk he or she poses to the general safety of the community" when reviewing the imposition of consecutive sentences. *State v. Cornejo-Garcia*, 11-619, p. 10 (La.App. 5 Cir. 1/24/12), 90 So.3d 458, 465. In *Cornejo-Garcia*, the defendant was convicted of three counts of second degree murder and sentenced to three consecutive sentences of life imprisonment without benefits. The fifth circuit noted the mandatory minimum sentences were presumed to be constitutional. Further, the appellate court found the trial court imposed the sentences consecutively based on the fact of a premeditated armed robbery that resulted in four deaths. "[G]iven the gravity of defendant's offense, the articulated reasons by the trial judge, and the supporting jurisprudence," the fifth circuit found no abuse in the trial court's discretion to impose the sentences consecutively. *Id.* at 466.

When reviewing whether the trial court abused its discretion in imposing consecutive sentences, the second circuit considers "the defendant's criminal history, the gravity or dangerousness of the offense, the viciousness of the crimes, the harm done to the victims, whether the defendant constitutes an unusual risk of danger to the public, and the potential for defendant's rehabilitation[.]" *State v. Tillman*, 47,386, pp. 19-20 (La.App. 2 Cir. 8/8/12), 104 So.3d 480, 493, *writ denied*, 12-2035 (La. 1/25/13), 105 So.3d 714 (citations omitted).

Here, the defendant filed no motion to reconsider his mandatory life sentences. On appeal, he contends his sentences are constitutionally excessive because they were imposed consecutively. The defendant's counsel objected to the consecutive nature of the sentences at the time they were imposed.

The defendant left high school during his junior year and was arrested at age eighteen for hitting a juvenile. He was sentenced to four years at hard labor after a

conviction for unauthorized use of a vehicle. Although he made trustee status during his incarceration, he then stole a four-wheeler during an escape from the jail and was sentenced to ten years at hard labor, to run consecutively to the original four years. The defendant served nine years of his sentence and was released on parole. He moved to Morgan City for about ten years and then to Catahoula Parish in 2012. He worked at the pecan orchard in Catahoula Parish for about two months prior to these murders.

At the sentencing hearing, the trial judge noted the heinous nature of the defendant's crimes:

> I've tried probably three dozen murder trials or more over the past 30 plus years, and these were the most horrific crimes that I've ever seen. I promised myself when I left the courtroom after this trial that I would never again try another murder trial, because these were so horrific, and the injuries and the attacks on these victims were so horrible.
>
> I've never witnessed anything like that.

These were extremely violent and vicious crimes which resulted in the deaths of three people. Accordingly, we find the nature of the offenses justifies the imposition of consecutive sentences.

## ASSIGNMENT OF ERROR NUMBER TWO

The defendant contends the trial court erred when it sentenced him less than twenty-four hours after it denied his post-judgment motion for acquittal and alternative motion for new trial in violation of La.Code Crim.P. art. 873. The trial court denied the motions at a hearing on February 4, 2014. When the trial judge raised a question about whether the defendant was "entitled to some delay after the Court rules on this motion," defense counsel responded the motion had to be decided prior to sentencing. Defense counsel then explained, "I'll tell you, I've

4

done it before, and the Judge has ruled on it, and then they go forward with the sentencing." The trial court proceeded with sentencing with no objection from the defendant or the state.

According to La.Code Crim.P. art. 873, "[i]f a motion for a new trial, or in arrest of judgment, is filed, sentence shall not be imposed until at least twenty-four hours after the motion is overruled." Sentencing may take place immediately "[i]f the defendant expressly waives a delay[.]" *Id.*

In *State v. J.F.*, 05-1410 (La.App. 3 Cir. 4/5/06), 927 So.2d 614, *writ denied*, 06-1424 (La. 12/8/06), 943 So.2d 1060, the defendant received the mandatory sentence of life imprisonment. The trial court sentenced him the same day it denied his motion for new trial. This court found the trial court's failure to allow a twenty-four-hour delay between the denial of the motion and sentencing was an error patent. However, because the defendant received the mandatory life sentence, the error was harmless.

Here, the defendant received a mandatory life sentence and failed to object to immediate sentencing after the denial of the motions. In fact, defense counsel suggested that was how it should be done. Further, the defendant has neither made an argument nor shown he was prejudiced by the lack of delay. Any error resulting from the lack of delay is harmless.

## CONCLUSION

The defendant's sentences are affirmed.

**AFFIRMED.**

This opinion is NOT DESIGNATED FOR PUBLICATION.
Uniform Rules−Courts of Appeal, Rule 2−16.3.